UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. 5:24-cr-125-TPB-PRL

GIRISH SUBBURAMAN

### GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO COMPLETE COMPETENCY EVALUATION

Pursuant to Federal Rule of Criminal Procedure 45(b), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, respectfully requests a 30-day extension of time for Defendant's competency examination to be completed, and states as follows.

### PROCEDURAL BACKGROUND

1. On October 22, 2024, a federal grand jury returned an Indictment charging Defendant, in the Middle District of Florida, with one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) and 2261(b)(5). Doc. 1.

2. On November 20, 2024, Defendant—who resides in San Diego, California—made his initial appearance in the Southern District of California under Federal Rule of Criminal Procedure 5(c)(3). *See* SDCA Case No. 3:24-mj-4383-AHG (Doc. 4). A detention hearing was held on the same day, and Defendant was released on bond. *Id.* Defendant was later arraigned in the Middle District of Florida on December 4, 2024. Doc. 14.

3. Thereafter, Defendant retained Joshua Feder, M.D., to conduct two psychiatric evaluations, one on March 6, 2025, and one on April 10, 2025. The March 2025 evaluation was not conducted specifically for competency purposes, but Dr. Feder raised concerns about whether Defendant could effectively participate in his own defense. *See* Doc. S-40 at 13 (March 2025 evaluation report). Given these concerns, Dr. Feder conducted another evaluation in April 2025 and opined that Defendant was incompetent. *See* Doc. S-40-1 at 8, 16 (April 2025 evaluation report).

4. On May 18, 2025, Defendant filed a Motion for Determination of Competency, relying on Dr. Feder's evaluation reports. Doc. 31.

5. On May 21 and 22, 2025, the Court held hearings on the motion. Docs. 37, 42. The Government requested that a competency examination be conducted pursuant to 18 U.S.C. § 4241(b). Doc. 37. The Court addressed the possibility of an outpatient examination in San Diego and directed the Government, in relevant part, to recommend an examiner by May 30, 2025. Doc. 42.

6. On May 30, 2025, the Court held a hearing at which the undersigned recommended that the Court designate Matthew F. Carroll, M.D., to conduct the psychiatric examination in San Diego, California. Doc. 45. Defense counsel had no objection. Doc. 45.

7. The same day, the Court entered an Order granting the Government's request for a § 4241(b) examination. Doc. 48. The Court directed that the examination be conducted by Dr. Carroll within 30 days of the date of the Order (i.e., June 30,

2025). Doc. 48 at 2. The Court observed that "[r]easonable extensions of time may be permitted subject to a showing of good cause." Doc. 48 at 2. As noted in the Order, the Government is responsible for paying the costs of the competency examination. Doc. 48 at 2.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 4241, counsel for the defendant or the government may file a motion for a hearing to determine the defendant's competency. *See* 18 U.S.C. § 4241(a). The Court must grant the motion and hold a hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.*

Prior to the hearing, the Court may order a psychiatric examination of the defendant under § 4241(b). If such an examination is ordered, the examiner must prepare and file a psychiatric report containing the relevant information set forth in § 4247(c), including the defendant's history and symptoms, the tests conducted, and the examiner's findings and opinions as to whether the defendant is incompetent. *See* 18 U.S.C. §§ 4241(b), 4247(c).

For purposes of the examination, "the court *may* commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b)

(emphasis added). "The director of the facility may apply for a reasonable extension, but not to exceed fifteen days, . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." *Id.* Alternatively, the Court may order that the examination be conducted on an outpatient basis. *See In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986) ("Read in context, the statutory language commands the district court to order an examination but permits it either to commit the defendant to the custody of the Attorney General for that purpose or to order that the examination be made in some other manner.").

## REASONS FOR EXTENSION

Before Dr. Carroll could start reviewing case materials and conduct the examination, the undersigned had to first obtain authorization for the expenditure of funds, which took approximately two weeks. Once the funds were authorized, the undersigned and defense counsel compiled case materials for Dr. Carroll's review. These materials, which Dr. Carroll received last week, are extensive. They include recordings of interviews, as well as the 58 documents listed on Dr. Feder's reports. Defendant's examination is tentatively scheduled for July 8, 2025.

Dr. Carroll has requested an additional 30 days to conduct the examination and file his report.[1] Defense counsel has no objection to the requested extension. Based on

---

[1] Although § 4247(b) does not allow extensions of more than 15 days, the language of the statute makes clear that this time limitation applies only to the time a defendant spends in the custody of the Attorney General. *See generally* 18 U.S.C. § 4247(b) ("[T]he court may commit the person to be examined for a reasonable period, but not to exceed thirty days[.] . . . The director of the facility may apply for a reasonable extension, but not to exceed fifteen days.").

the foregoing circumstances, the undersigned believes there is good cause for the requested extension.

WHEREFORE, the undersigned respectfully moves the Court to extend the time for Dr. Carroll to conduct a § 4241(b) psychiatric examination to July 30, 2025.

                                      Respectfully submitted,

                                      GREGORY W. KEHOE
                                      United States Attorney

By: *Belkis Callaos*
      Belkis H. Callaos
      Assistant United States Attorney
      Florida Bar # 1004413
      35 SE 1st Avenue, Suite 300
      Ocala, Florida 34471
      Telephone:   (352) 547-3600
      Facsimile:    (352) 547-3623
      E-mail: belkis.callaos@usdoj.gov

U.S. v. GIRISH SUBBURAMAN           CASE NO. 5:24-cr-125-TPB-PRL

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kerry Armstrong, Esquire

By: *Belkis Callaos*

Belkis H. Callaos
Assistant United States Attorney
Florida Bar # 1004413
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:    (352) 547-3623
E-mail: belkis.callaos@usdoj.gov